Mr. Chief Justice Johnson delivered the opinion of the Court. The verdict of the jury is unsupported by the evidence adduced on the part of the prosecution. The circumstances, upon which the State relied and upon which the finding was based, were of the most flimsy and unsatisfactory character, and could not, by any rational rule of construction, warrant a verdict of guilty. The property alleged to have been stolen, was not identified with that degree of legal certainty which was necessary to fix and fasten guilt upon the accused, but. on the contrary, she fully and effectually rebutted every possible presumption raised against her. To test the verdict by the case made by the State, it is wholly unsupported, but when the rebutting testimony is thrown into the scale, the innocence of the accused is so manifest as to bring it most clearly within the rule so repeatedly laid down by this court in respect to such as at first blush are calculated to shock our sense of justice and right. There is an utter failure in' the proof as to the place where the supposed offence was committed. This would of itself con-' stitute a fatal objection to the judgment, as without such proof' there is a manifest defect of jurisdiction. The instructions of the court, upon general principles, are well enough, and perhaps would not be liable to any well defined, legal objection; yet, when taken as a whole, there is room •to doubt whether, from their general character they were not calculated, in some degree, to mislead the jury. The court ruled correctly in refusing a new trial upon the ground of newly discovered evidence. The testimony of Margaret Webb was not newly discovered, but was known both by the accused and her counsel long before the trial, and no sufficient excuse is given why it was not obtained and used in her behalf. The testimony of Bridges would have been ruled out in case he had been personally present at the trial, as it consisted of nothing more than mere hearsay, and consequently was not the best of which the case would admit. That of Rachel Roden is also incompetent for the same reason, and as such could not be used in behalf of the accused. The testimony of Keath is not alleged to have been newly discovered. Hote (a.) — Mrs. Holeman -was the first female oyer sent to the Penitentiary of this State, and she -was pardoned by Gov. Dkew, before the judgment of the court below was reversed. Rei’ostee. The plea of pregnancy is inadmissible, as that fact has no necessary connection with the question of guilt or innocence. This matter was brought to the notice of the court for the first time after the whole merits'of the case had been passed upon and determined. It was not in issue upon the trial, nor could it form any part of the subject matter of investigation m case that a new trial had been awarded. This, therefore, was no ground for a new trial, and as such it is not importattt to decide whether the court erred or not in refusing to allow it. We are therefore clear that, although numerous errors are complained of which do not exist, yet there are sufficient to entitle the plaintiff in error to a new trial. The judgment of the White circuit court herein rendered, is therefore for the errors aforesaid reversed, annulled and set aside with costs; and it is further ordered that the cause be remanded, with instructions to be proceeded in according to law, and not inconsistent with this opinion. (a.)